## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

THOMAS EDWARD BYRD,

      Petitioner,                         Civil No. 2:08-CV-12789

                                         HONORABLE LAWRENCE P. ZATKOFF

v.                                    UNITED STATES DISTRICT JUDGE

PERCY CONERLY,

      Respondent,

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

      Thomas Edward Byrd ("petitioner") seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his application, filed by attorney Craig A. Daly, petitioner challenges his conviction for three counts of third-degree criminal sexual conduct, M.C.L.A. § 750.520d(1)(A). Respondent has filed a motion to dismiss on the ground that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1).  Petitioner has filed a reply to the motion to dismiss.  For the reasons stated below, the petition for a writ of habeas corpus is summarily dismissed.

### I.  Background

      On November 4, 1996, petitioner was convicted of the above charges following a jury trial in the Livingston County Circuit Court.  Petitioner was also convicted of two counts of fourth-degree criminal sexual conduct.  However, on November 13, 1996, the parties stipulated to the dismissal of the fourth-degree criminal sexual conduct charges as an *ex post facto* violation.

      Petitioner's direct appeals with the Michigan courts ended on February 29, 2000, when the Michigan Supreme Court denied him leave to appeal following the affirmance of his conviction by

1

the Michigan Court of Appeals. *People v. Byrd,* 461 Mich. 966; 609 N.W. 2d 188 (2000).

On February 12, 2001, petitioner filed a petition for writ of habeas corpus with the United States District Court for the Western District of Michigan.  The petition was dismissed without prejudice on the ground that petitioner had failed to exhaust his state court remedies. *See Byrd v. Abramajtys,* U.S.D.C. No. 1:01-32 (W.D. Mich. March 18, 2002); *appeal dism.* U.S.C.A. 02-1502 (6th Cir. November 6, 2002).

On November 29, 2004, petitioner filed a post-conviction motion for relief from judgment with the trial court.  On August 10, 2005, the trial court granted petitioner relief from judgment, finding that petitioner was denied a fair trial by the submission of the fourth-degree criminal sexual conduct charges without giving the jurors a limiting instruction. *People v. Byrd,* No. 95-8878 (Livingston County Circuit Court, August 10, 2005).  The Michigan Court of Appeals reversed the trial court's decision and remanded the matter for consideration of petitioner's remaining post-conviction claims. *People v. Byrd,* No. 264811(Mich.Ct.App. March 14, 2006).  After the trial court and the Michigan Court of Appeals denied petitioner's post-conviction application on remand, post-conviction proceedings ended in the state courts on October 29, 2007, when the Michigan Supreme Court denied petitioner leave to appeal from the denial of his motion for relief from judgment. *People v. Byrd,* 480 Mich. 920; 740 N.W. 2d 290 (2007).  Petitioner filed his application for habeas relief on June 30, 2008.

## II.  Discussion

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus filed by a person in custody pursuant to a judgment of a state court.  The one year statute of limitation shall run from the latest

2

of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

Petitioner's direct appeals with the Michigan courts were completed on February 29, 2000, when the Michigan Supreme Court denied his application for leave to appeal. Petitioner's conviction therefore became final, for purposes of § 2244(d)(1), when the ninety day time period for filing a petition for writ of certiorari in the United States Supreme Court expired. *See Bronaugh v. Ohio,* 235 F. 3d 280, 283 (6th Cir. 2000). Petitioner's judgment became final on May 29, 2000, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *See Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998).

The Court recognizes that petitioner filed his first petition for writ of habeas corpus with the United States District Court for the Western District of Michigan on January 12, 2001. This petition was dismissed without prejudice on March 18, 2002, to permit petitioner to return to the state courts to exhaust his claims. The Sixth Circuit denied petitioner a certificate of appealability on November 6, 2002.

A petition for federal habeas review is not "an application for state post-conviction or other review" within the meaning of 28 U.S.C. § 2244(d)(2) that would toll the one year statute of limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001). Justice Stevens indicated in a concurring opinion, however, that neither the Supreme Court's "narrow holding" in *Duncan* nor anything in the text or the legislative history of the AEDPA would prevent a federal court from tolling the limitations period for a habeas petition as "a matter of equity." *Id.* at 183.

The Sixth Circuit has indicated that a habeas petitioner is entitled to equitable tolling of the limitations period during the time that his original habeas petition was filed in the federal court, provided that the habeas petitioner (1) filed his state post-conviction motion with the state courts within thirty days of the federal court's dismissal of the original habeas petition, and (2) returned to federal court no later than thirty days after the conclusion of state post-conviction review. *See Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002)(citing *Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002)).

Petitioner is not entitled to equitable tolling for the time that his first habeas petition was pending in the federal courts, so as to delay the commencement of the one year limitations period. Petitioner filed his motion for relief from judgment with the trial court on November 29, 2004, over one year after his first petition for writ of habeas corpus was dismissed without prejudice by the federal district court. Because petitioner waited more than one year following the dismissal of his first habeas petition before he returned to the state courts to initiate post-conviction proceedings, petitioner failed to exercise due diligence in initiating state post-conviction proceedings and is therefore not entitled to equitable tolling of the limitations period. *See Huey v. Smith,* 199 Fed. Appx. 498, 502-03 (6th Cir. 2006). Moreover, post-conviction review was concluded when the

Michigan Supreme Court denied petitioner's application for leave to appeal on October 29, 2007.
[1] Petitioner did not file the instant petition with this Court until eight months had elapsed from this date. Because petitioner did not re-file this habeas petition within thirty days of the conclusion of post-conviction review in this case, he is not entitled to equitable tolling of the limitations period for the time that his original habeas petition was pending in the federal court. *Palmer,* 276 F. 3d at 781-82; *see also Godbolt v. Russell,* 82 Fed. Appx. 447, 452 (6th Cir. 2003).

Moreover, even if this Court were to equitably toll the limitations period for the entire time that petitioner's first habeas application was pending in federal court, the instant petition would still be untimely because petitioner waited over one year following the dismissal of his first petition before filing his motion for relief from judgment with the state courts. *See McMurray v. Scott,* 136 Fed. Appx. 815, 817 (6th Cir. 2005). A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002); *see also Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003). The instant petition is therefore untimely.

In his reply to the motion to dismiss, petitioner argues that the factual predicate for his first claim (that submission of the fourth-degree criminal sexual conduct charges to the jury violated the *Ex Post Facto* Clause) and his related claims (that trial and appellate counsel were ineffective for failing to object to the *ex post facto* violation) was not discovered until November 8, 2005. November 8, 2005, was the date petitioner's trial counsel signed an affidavit indicating that trial

---

[1] The U.S. Supreme Court has held that the limitations period is not further tolled pursuant to 28 U.S.C. § 2244(d)(2) for the time during which a petition for writ of certiorari could be filed with the Supreme Court seeking review of the denial of state post-conviction relief. *See Lawrence v. Florida,* 127 S. Ct. 1079, 1083-85 (2007).

counsel knew prior to trial that the submission of these fourth-degree criminal sexual conduct charges violated the *Ex Post Facto* Clause.

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the AEDPA's one year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence by the habeas petitioner. *See Ali v. Tennessee Board of Pardon and Paroles,* 431 F. 3d 896, 898 (6th Cir. 2005). However, the time commences under § 2244(d)(1)(D) when the factual predicate for a habeas petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given petitioner. *See Redmond v. Jackson,* 295 F. Supp 2d 767, 771 (E.D. Mich. 2003). Moreover, the time under the AEDPA's limitations period begins to run pursuant to § 2244(d)(1)(D) when a habeas petitioner knows, or through due diligence could have discovered, the important facts for his or her claims, not when the petitioner recognizes the facts' legal significance. *Id.* Finally, "§ 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Redmond,* 295 F. Supp. 2d at 771. A habeas petitioner has the burden of proof in persuading a federal court that he exercised due diligence in searching for the factual predicate of the habeas claims. *See Stokes v. Leonard,* 36 Fed. Appx. 801, 804 (6th Cir. 2002).

Petitioner is not entitled to a delay in the commencement of the limitations period pursuant to § 2244(d)(1)(D). Pursuant to § 2244(d)(1)(D), the AEDPA's limitations period governing a habeas petition that asserts an ineffective assistance of trial counsel claim runs from the date on which the petitioner learns of the underlying facts in support of his ineffective assistance of counsel claim. *See Bolton v. Berghuis,* 164 Fed. Appx. 543, 546-47 (6th Cir. 2006). Petitioner knew of the factual basis of his *ex post facto* claim and his related ineffective assistance of counsel claims no

6

later than November 13, 1996, when the parties agreed to dismiss the fourth-degree criminal sexual conduct charges on this basis. Petitioner's argument is further undercut by the fact that he raised a claim that counsel was ineffective such that petitioner had been deprived of a fair trial when jurors were allowed to consider these improperly charged crimes in his application for leave to appeal to the Michigan Supreme Court in 2000. Petitioner also raised these claims in his first petition for writ of habeas corpus before the Western District of Michigan in 2001. Lastly, petitioner raised these claims again when he filed his post-conviction motion for relief from judgment in 2004, prior to obtaining the affidavit from trial counsel.

Trial counsel's 2005 affidavit simply served to corroborate petitioner's *ex post facto* and ineffective assistance of counsel claims. "§ 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Redmond,* 295 F. Supp. 2d at 771. This newly discovered evidence, which merely corroborated petitioner's *ex post facto* and ineffective assistance of counsel claims, would not delay the commencement of the limitations period pursuant to § 2244(d)(1)(D). *Cf. Ivory v. Jackson,* 509 F. 3d 284, 293 (6th Cir. 2007).

Lastly, petitioner contends that the limitations period should be equitably tolled because he is actually innocent of the charges. The Sixth Circuit held that the one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup,* 513 U.S. at 327). For an actual innocence exception to be credible, such a claim

7

requires a habeas petitioner to support his allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter,* 395 F. 3d at 590. The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup,* 513 U.S. at 321).

As part of his ineffective assistance of trial counsel claim, petitioner claims that trial counsel should have presented evidence of petitioner's wife's employment and cell phone records to rebut the complainant's testimony that the first sexual assault occurred on June 30, 1994, while petitioner's wife was in Northern Michigan.  Petitioner further claims that counsel failed to investigate the physical layout of petitioner's bedroom, which would have disclosed that it was impossible for the complainant to be able to stand in the doorway, with the door opened slightly, and see over a chest of drawers and a television to view petitioner's bed, as she claimed.  Petitioner claims that this evidence establishes his actual innocence of the charges.

A habeas petitioner's renewed attacks on a witness' credibility are insufficient to establish actual innocence for the purposes of excusing a procedural bar. *See In Re Byrd,* 269 F. 3d 561, 577 (6th Cir. 2001) (citing *Clark v. Lewis*, 1 F. 3d 814, 824 (9th Cir. 1993) (allegation that prosecution witness could have been impeached by allegedly withheld evidence did not constitute a credible claim of "actual innocence" sufficient to show that the petitioner was actually innocent in a death penalty case).  Evidence which merely impeaches a witness is insufficient to support a claim of

actual innocence, so as to toll the one year limitations period. *See Sherratt v. Friel,* 275 Fed. Appx. 763, 768 (10th Cir. 2008); *cert. den.* 129 S. Ct. 503 (2008); *McMurry v. Wolfenbarger,* No. 2007 WL 2318748, * 5 (E.D. Mich. August 9, 2007).

## III.  ORDER

Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1).  The Court declines to issue a certificate of appealability because reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right or whether the Court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  August 26, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 26, 2009.

s/Marie E. Verlinde
Case Manager
(810) 984-3290

9